NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0296n.06

No. 11-3807

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 25, 2013*
DEBORAH S. HUNT, Clerk

SHANE MITCHELL,                                    )
                                                   )
            Petitioner-Appellant,                  )       ON APPEAL FROM THE
                                                   )       UNITED STATES DISTRICT
v.                                                 )       COURT FOR THE NORTHERN
                                                   )       DISTRICT OF OHIO
BENNIE KELLY, Warden,                              )
                                                   )
            Respondent-Appellee.                   )
                                                   )

BEFORE:  MARTIN, GUY, and McKEAGUE, Circuit Judges.

PER CURIAM.  Shane Mitchell, who is represented by counsel, appeals a district court

judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The

district court granted Mitchell a certificate of appealability regarding his Confrontation Clause claim.

For the reasons set forth below, we affirm the district court's judgment.

In 2005, a jury in the Columbiana County (Ohio) Court of Common Pleas convicted Mitchell

of murder, aggravated robbery, and tampering with evidence.  At trial, Dr. William Graham, the

Columbiana County Coroner, testified concerning an autopsy report prepared by Dr. Stan Seligman

of the Cuyahoga County (Ohio) coroner's office.  Mitchell objected to the admissibility of the

autopsy report in the absence of Dr. Seligman, as well as Dr. Graham's testimony regarding the

report.  The trial court overruled Mitchell's objections.  On direct appeal, the Ohio Court of Appeals

held that the trial court did not abuse its discretion in admitting the autopsy report and Dr. Graham's testimony because an autopsy report "is a business record, is not hearsay, and does not violate any right to confront the maker of that record." *State v. Mitchell*, No. 05 CO 63, 2008 WL 850179, at *17 (Ohio Ct. App. Mar. 19, 2008), *app. not accepted for rev.*, 893 N.E.2d 516 (Ohio 2008).

Mitchell subsequently filed the instant habeas corpus petition. As one of his grounds for habeas corpus relief, Mitchell claimed that the admission of the autopsy report and Dr. Graham's testimony violated his right to confrontation. A magistrate judge recommended that Mitchell's habeas corpus petition be denied. Over Mitchell's objections, the district court adopted the magistrate judge's report and denied Mitchell's habeas corpus petition. However, the court did grant Mitchell a certificate of appealability as to the Confrontation Clause claim. With respect to that claim, the district court determined that the state courts did not unreasonably refuse to extend *Crawford v. Washington*, 541 U.S. 36 (2004), to exclude the autopsy report admitted at Mitchell's trial.

We review the district court's denial of Mitchell's habeas corpus petition de novo. *Amos v. Renico*, 683 F.3d 720, 726 (6th Cir.), *cert. denied*, 133 S. Ct. 664 (2012). A federal court may not grant habeas corpus relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the

relevant state court decision." *Moore v. Mitchell*, __ F.3d __, Nos. 08-3167, 08-3230, 2013 WL 673524, at \*5 (6th Cir. Feb. 26, 2013).

In *Crawford*, the Supreme Court held that the Sixth Amendment's Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53–54. The Supreme Court left "for another day any effort to spell out a comprehensive definition of 'testimonial.'" *Id*. at 68. While subsequent Supreme Court decisions addressed whether forensic laboratory reports are testimonial, *see Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), at the time of Mitchell's direct appeal, no Supreme Court precedent clearly established that an autopsy report constitutes testimonial evidence. *See Vega v. Walsh*, 669 F.3d 123, 127–28 (2d Cir. 2012); *Nardi v. Pepe*, 662 F.3d 107, 112 (1st Cir. 2011).

In affirming the admission of the autopsy report and Dr. Graham's testimony, the Ohio Court of Appeals relied on the Ohio Supreme Court's decision in *State v. Craig*, 853 N.E.2d 621 (Ohio 2006), which addressed the question of whether an autopsy report is testimonial under *Crawford*. *Craig* adopted the majority view that autopsy reports are admissible as nontestimonial business records. *Mitchell*, 2008 WL 850179, at \*17 (citing *Craig*, 853 N.E.2d at 638–39). We agree with the district court that the decision of the Ohio Court of Appeals was not an unreasonable application of *Crawford* given the lack of Supreme Court precedent establishing that an autopsy report is testimonial.

Mitchell contends that the Supreme Court in *Davis v. Washington*, 547 U.S. 813, 822 (2006), provided precedent that a statement is testimonial if its primary purpose "is to establish or prove past events potentially relevant to later criminal prosecution." According to Mitchell, every autopsy report is prepared with the knowledge that the pathologist might be called as a witness in a criminal prosecution. Mitchell, however, overstates the narrow holding of *Davis*:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id*. As Mitchell's case did not involve statements made in response to police interrogation, *Davis* would have given little guidance to the Ohio Court of Appeals.

For the foregoing reasons, we affirm the district court's judgment denying Mitchell's habeas corpus petition.